**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **MIDLAND NATIONAL LIFE INSURANCE COMPANY,** ) ) ) | **Case No.** |
| Plaintiff, ) ) | |
| v. ) ) | |
| **TARA HOLMES, DAMIEN HOLMES, and TONY BOND, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF VERLINE REID,** ) ) ) ) ) | **COMPLAINT FOR INTERPLEADER** |
| Defendants. ) ) | |

Plaintiff Midland National Life Insurance Company ("Plaintiff" or "Midland") files this Complaint For Interpleader pursuant to 28 U.S.C. § 1335, and, in so doing, respectfully states as follows:

## NATURE OF ACTION

1.      This is an interpleader action to resolve competing claims between Tara Holmes, Damien Holmes, and Tony Bond, individually and as executor of the Estate of Verline Reid (the "Defendants") regarding the death benefit proceeds of Midland life insurance policy number 1700858237 (the "Policy"), insuring the life of Verline Reid (the "Insured") in the amount of $30,000.00 plus any applicable interests. Midland is indifferent to and has no stake regarding which of the Defendants is entitled to the death benefit under the Policy and seeks an Order from this Court permitting it to deposit the Policy proceeds with the Court's Registry and discharging Midland from further liability as to the Policy proceeds.

US.355169988.03

## PARTIES

2.  Midland is a corporation organized and existing under the laws of the State of Iowa, with its principal place of business located in Iowa, and, accordingly, is a citizen of the State of Iowa.

3.  Upon information and belief, Tara Holmes is a citizen of the State of Missouri.

4.  Upon information and belief, Damien Holmes is a citizen of the State of Virginia.

5.  Upon information and belief, Tony Bond is a citizen of the State of Missouri.

## JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction of this interpleader action under 28 U.S.C. § 1335 because two or more of the Defendants, as adverse claimants to the Policy's proceeds, are of diverse citizenship, and the amount in dispute exceeds the sum of $500.

7.  Venue is appropriate in the Eastern District of Missouri under 28 U.S.C. § 1397 because one or more of the Defendants reside in this District.

## GENERAL ALLEGATIONS

8.  On or about February 9, 1989, Continental Western Life Insurance Company ("Continental Western") issued a life insurance policy to the Insured. Midland is the successor-in-interest to Continental Western.

9.  On or about March 30, 2015, the Insured named Mr. Bond and Warlean Buchanan as joint primary beneficiaries.

10.  On or about October 15, 2018, the Insured changed the Policy's beneficiary to Warlean Buchanan per stirpes.

11.  On or about October 23, 2018, Midland provided the Insured an Endorsement of Change of Beneficiary, reflecting the October 15, 2018 beneficiary change.

US.355169988.03

12.    On or about January 10, 2021, Warlean Buchanan passed away.

13.    Upon information and belief, Tony Bond was subsequently appointed the Insured's Conservator and Guardian.

14.    On or about September 7, 2021, Mr. Bond, as Conservator and Guardian for the Insured, submitted a change of beneficiary form wherein it was requested the primary beneficiary of the Policy be changed to Mr. Bond.

15.    In an October 4, 2021 communication, Midland conveyed it was unable to process the beneficiary change request because it required a court order expressly authorizing the conservator to change the beneficiary of the contract.

16.    On or about November 8, 2021 Mr. Bond, as Conservator and Guardian for the Insured, again submitted a change of beneficiary form wherein it was requested the primary beneficiary of the Policy be changed to Mr. Bond.

17.    In a December 2, 2021 communication, Midland conveyed it was unable to process the beneficiary change request because it required a court order expressly authorizing the conservator to change the beneficiary of the contract.

18.    On or about April 22, 2022, the Insured passed away.

19.    On or about May 27, 2022, Mr. Holmes submitted a claimant's statement to Midland making a claim on the Policy's proceeds.

20.    On or about May 27, 2022, Ms. Holmes submitted a claimant's statement to Midland making a claim on the Policy's proceeds.

21.    On or about June 14, 2022, Mr. Bond sent a communication to Midland stating his belief there was an error with the Policy's beneficiary designation and it was not the intention of the Insured to make Ms. Buchanan the primary beneficiary per stirpes.

US.355169988.03

22.     The Policy's death benefit is $30,000.00 plus any applicable interest.

## CLAIM FOR INTERPLEADER RELIEF

23.     Each of the Defendants make claim and assert their right to the Policy proceeds.

24.      Midland is a non-liable, disinterested stakeholder with respect to the Policy death benefit and is exposed to double and/or multiple liability due to competing and potential claims to the Policy death benefit from the Defendants.

25.     Midland stands ready, willing, and able to pay the Policy's death benefit, but competing claims have created doubt and uncertainty as to which party has the legal rights to the Policy's death benefit.

26.     Midland will be prejudiced if it pays the proceeds of the Policy in absence of clear guidance from the Court as to which party is legally entitled to the proceeds and in what amount.

## REQUEST FOR RELIEF

**WHEREFORE,** Midland National Life Insurance Company respectfully requests the following relief:

(a)     Granting Midland leave to deposit the death benefit proceeds payable under the Policy with the Court's Registry;

(b)     Granting judgment in favor of Midland on its Complaint For Interpleader with an express finding of finality pursuant to Fed R. Civ. P. 54(b) and declaring that Midland has no further liability to Defendants, or to any person or entity claiming through them, for the death benefit payable under the terms of the Policy;

(c)     Excusing and dismissing Midland with prejudice from further attendance in this cause with respect to the claims of the Defendants to the death benefit under the Policy; and

(d)     Ordering the Defendants to litigate their claims and contentions concerning their rights to the death benefit under the Policy without further involving Midland; and

(e)     Granting any further relief as the Court deems just and proper.

US.355169988.03

Dated:  February 14, 2023

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Hannah McCausland*
Hannah McCausland, Bar #73404(Mo)
*hannah.mccausland@faegredrinker.com*
1500 K Street NW, Suite 1100
Washington, DC 20005
Telephone: 202 230 5261
Facsimile: 202 842 8465

**ATTORNEYS FOR MIDLAND LIFE AND ANNUITY COMPANY**

5